SIR LAWRENCE DAVIS
1505 N. Central Ave., Apt. 341
Phoenix, AZ 85004
918/830-2626
sirdavis2004@gmail.com

Plaintiff Pro se

FILED ____ LODGED
____ RECEIVED ____ COPY

SEP 0 8 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIR LAWRENCE DAVIS )<br><br>            Plaintiff )<br>v.                        )<br>                          )<br>VALON MORTGAGE, INC., a corpor-)<br>ation; ALICE ZHAO; ANDREW )<br>WANG; WOOBIE RUST and )<br>JEROLD JEFFCOAT )<br>                          )<br>            Defendants ) | No.   CV-22-01510-PHX-SPL<br><br>COMPLAINT<br><br>(Employment Discrimination;<br>   Civil Rights) |

Comes now plaintiff and for his complaint against defendants and enters the following allegations for relief.

## JURISDICTION, PARTIES, VENUE

1.     This case presents a case under federal law, specifically the Equal Employment Opportunity Act, and other cited federal related statutes and federal regulations; this court thus has federal question jurisdiction in this matter.

2.     Further, the facts below also state a claim under state law, and to the

1

extent that this court does not have federal jurisdiction of the facts, and state law grants jurisdiction of those facts, this court has, since there is initially federal jurisdiction, ancillary jurisdiction over the facts to apply the pertinent state law.

3.      Plaintiff was and is a resident of this district; he is a male African American.

4.      Defendants were and are residents of this district, or entities doing business in this district; all of the defendants, notwithstanding their residency, caused acts and events to occur in this district which gave rise to plaintiff's claim.

5.      Defendant Valon operates in interstate commerce, and qualifies a covered employer both as to its size and business to be covered by the state and federal laws claimed below to have been violated.

6.      In the event that the names or capacities, individual, corporate, associate or otherwise, of defendant are unknown or misstated by plaintiff at this time, plaintiff asks leave of the Court to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      The acts and omissions of each defendant herein were done for himself and each other defendant as agent, employee, associate, joint venturer and other affiliation and association so that the acts and omissions of each defendant are the acts and omissions of all, and each defendant is jointly and severally liable for the acts of all, including but limited to, as between them, acting one for the other as agent; in this case, all of the individually named defendants

were employees and agents of defendant Valon Mortgage, and acted both within and without their corporate capacity and employment.

8.    Under the law enabling redress of the matters herein, the administrative review and exhaustion of those remedies was done for the EEOC (for federal law violation) by the Civil Rights Division of the State of Arizona (for state law violation).

9.    All required administrative remedies and procedures have been exhausted by plaintiff, same not resulting in relief.

10.   Exhibit A is the 90 right to sue letter sent to plaintiff by the EEOC; this action is filed within that 90 period.

11.   Exhibit C is the state law documentation of the claim.

12.   This district is the proper venue for this action.

## SUBSTANTIVE FACTS

13.   Plaintiff was employed by defendant Valon Mortgage commencing February 1, 2021; at that time, given his disability discussed herein, he was working from home in accord with Valon's then extant policies (if any), knowledge and acquiesence.

14    Plaintiff, as was known to Valon at the time of his employment and continuing thereafter, has a medical condition which puts him at risk for severe complications should he become afflicted with a malady such as COVID 19; specifically, as medically certified to defendants, plaintiff, as an employee, was

3

told to avoid being in an enclosed environment with others who could potentially expose him to the virus, and to work from home where he could socially distance until the end of the pandemic.

15.     This condition, particularly as enhanced by COVID 19, qualifies as an "impairment" under the Americans With Disabilities Act.

16.     The above employment commenced within the period of time of the COVID 19 pandemic, and given plaintiff's disability, discussed above, he was working from home, as noted, as a customer service supervisor all with the approval of Valon.

17.     It developed thereafer that Valon either changed its policy about working from home, or its construction and application of underlying law changed in its opinion, or it came to Valon's attention that plaintiff's position involved "licensed" activity (the doing of which could not be done, in its opinion from home), or for other reasons not fully disclosed to plaintiff, that Valon informed plaintiff that it wanted plaintiff to discontinue working at home and to work in the office.

18.   Notwithstanding the foregoing, Valon could accommodate plaintiff and afford him continuing working from home give the applicable employment and disability law.

19.     On or about May 24, 2021, plaintiff requested a reasonable accom-

modation for his condition with respect to the foregoing in para. 17 (continuance of working from home, despite the above reasons for change), from the appropriate Valon official (defendant Zhao, and her superior, defendant Jeffcoat, upon information and belief, and others), to wit, continued authority to work from home in his assigned and current position regardless of the matters in para. 17..

20   On or about June 11, 2021, Zhao, for defendants, denied the request for accommodation to continue working from home.

21.   Valon and one or more of the individual defendants then offered to plaintiff three different accommodations, all job changes, and all lower level positions from the position that he had, and all jobs within the qualifications that he had met in his current position.

22.   In order to remain working from home in consideration of his disability, plaintiff chose one of these lower level positions offered (Compliance Analyst), when on or about June 14, 2021, plaintiff was informed by Zhao that he would get the same pay as he had been receiving.

23.   Plaintiff was then told, in seeming derogation of the accommodation that he has just been offered, and accepted (the lower position at the same pay) that, as he was told by Zhao, that he would have to interview to qualify to receive the new, and lower, position.

24.   He did such an interview and completed the other requirements, and was informed by defendant Rust (Exhibit D) that he did not qualify for the position

offered and which he chose as offered by Valon and defendants as an accommo-
dation..

25.    To plaintiff's knowledge, no one else in need of disability accommod-
ation a) has had to apply for the substituted or accommodation position, or b) was
turned down for same when it was a lesser position.

26.    The offering of the new, albeit lower, position, and then requiring that
plaintiff apply for it, i.e., have to undergo an internal transfer process in Valon to
get it, and then to be denied that new position for a reason known by Valon from
the beginning, was and is racially and sexually discriminatory, and in disregard of
his disability, since others at Valon in need of  accommodation by transfer were
allowed to do so without need of undergoing such an internal qualification
process for Valon.

27.    As it had developed, moreover, plaintiff had met, in other work or
assignments for Valon all of the qualifications for the new job.

28.    Valon offered no other accommodation given the disqualification for
the first one chosen.

29.    Within about ten days (July 1, 2021), plaintiff was informed that it
was mandatory that he continue working in the office of Valon, regardless of his
need and disability.

30.    Plaintiff could not do so due to his disability.

31.    Thus, plaintiff ceased going into the office due to work due to his

disability.

32.    Plaintiff was terminated from his employment in retaliation and despite his disability.

33.    Plaintiff demands a trial by jury.

34.    All of the foregoing facts are included in each of the following claims for relief as if set forth verbatim therein.

## FIRST CLAIM FOR RELIEF

### (Federal Law Claim; EEOA; AWDA; and Civil RIghts)

35.    By reason of the foregoing, defendants have discriminated on the basis of race, disability as defined in the law, and sex, against plaintiff in the administration of his employment and the civil rights laws cited and incorporated herein.

36.    Further, plaintiff had a liberty interest in continuing in his position and employment with Valon with the discrimination described above, to wit, in the expectancy of the continuation in his job, but as accommodated given his cognizable disability.

37.    The refusal of defendants to abide by the law cited above, plaintiff was proximately caused wrongful, constructive and actual termination.

WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows as follows:

7

      a.     In such principal sum as and for his general and compensatory damages herein as he may prove at trial;

      b.     Alternatively and additionally, plaintiff asks for this court's injunctive and equitable relief as allowed under the law.

      c.     For his costs incurred herein; and

      d.     For such other and further relief as may be just and proper in the premises.

## SECOND CLAIM FOR RELIEF

### (State Law Claim;Civil Rights; Employment Protection Act)

38.    By reason of the foregoing, defendants have discriminated on the basis of race, disability as defined in the law, and sex, against plaintiff in the administration of his employment and the civil rights laws cited and incorporated herein.

39.    Further, plaintiff had a liberty interest in continuing in his position and employment with Valon with the discrimination described above, to wit, in the expectancy of the continuation in his job, but as accommodated given his cognizable disability.

40.    The refusal of defendants to abide by the law cited above, plaintiff was proximately caused wrongful, constructive and actual termination.

WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows as follows:

a.     In such principal sum as and for his general and compensatory damages herein as he may prove at trial;

b.     Alternatively and additionally, plaintiff asks for this court's injunctive and equitable relief as allowed under the law.

c.     For his costs incurred herein; and

d.     For such other and further relief as may be just and proper in the premises.

Dated this 8 day of September, 2022.

SIR LAWRENCE DAVIS
Plaintiff Pro se

Enclosure with EEOC Notice of Closure and Rights (01/22)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/15/2022

To: Sir Lawrence Davis
1505 N. Central Ave Apt 341
Phoenix, AZ 85004

Sir Lawrence Davis v Valon Mortgage
Charge No: 35A-2021-00422
EEOC Representative and email:  Robin Campbell
State, Local & Tribal Program Manager
Robin.Campbell@eeoc.gov

### DETERMINATION OF CHARGE
The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.
The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE
This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On behalf of the Commission,

Melinda Caraballo
Acting District Director

**EXHIBIT ___A___**

Enclosure with EEOC Notice of Closure and Rights (01/22)

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

 Gmail

**staff WhyPayALawyer <staff@whypaylaw.com>**

## Right to Sue letter
1 message

**Sir Davis** <sirdavis2004@gmail.com>
To: staff@whypaylaw.com

Thu, Sep 1, 2022 at 9:43 AM

Hello Berry,

Please see attached Right to Sue Letter.

Let me know if you need anything else.

Best,

Sir Lawrence Davis

**3 attachments**

📄 **EEOC right to sue 1.pdf**
1430K

📄 **EEOC right to Sue 2.pdf**
1587K

📄 **EEOC right to sue 3.pdf**
1688K

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PHOENIX DISTRICT OFFICE
3300 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA 85012-1848

Date: <u>July 14, 2021</u>

EEOC CHARGE: <u>35A-2021-00422</u>

FEPA CHARGE: <u>CRD-2021-0679</u>

SUBJECT: CHARGE TRANSMITTAL

| <u>Sir Lawrence Davis</u> | v. | <u>Valon Mortgage Inc.</u> |
|---|---|---|
| (Charging Party) | | (Respondent) |

**<u>Please keep this form for your records. Do not sign this form. Do not return this form.</u>**

Transmitted herewith is a charge of employment discrimination initially received by the:

☐ EEOC   ☒   <u>CIVIL RIGHTS DIVISION</u>   on <u>07/12/2021</u>
                 (Name of FEPA)   (Date of Receipt)

☐ Pursuant to the work sharing agreement, this charge is to be initially investigated by the EEOC.
☒ Pursuant to the work sharing agreement, this charge is to be initially investigated by the FEPA.
☐ The work sharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver   ☐ FEPA waives
☐ No waiver requested   ☒ FEPA will investigate the charge initially

| NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| REBEKAH BROWDER<br>CHIEF COUNSEL | STEPHEN SCOTT<br>COMPLIANCE MANAGER |

| <u>Sir Lawrence Davis</u> | v. | <u>Valon Mortgage Inc.</u> |
|---|---|---|
| (Charging Party) | | (Respondent) |

**To Whom It May Concern:**

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledged receipt of the referenced charge and indicate this agency's intention to dismiss/close/not docket the charge for the following reason:

| NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Elizabeth Cadle<br>EEOC District Director | |

| TO: Attorney General's Office<br>Civil Rights Division<br>2005 North Central Avenue<br>Phoenix, AZ 85004 | DATE: <u>July 14, 2021</u><br>EEOC CHARGE: 35A-2021-00422<br>FEPA CHARGE: CRD-2021-0679 |
|---|---|



EXHIBIT B

| **EMPLOYMENT CHARGE OF DISCRIMINATION,** Page 1 of 1<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>■ FEPA<br>☐ EEOC | CHARGE NUMBER<br>CRD-2021-0679<br>35A-2021-00422 |
|---|---|---|

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC
*State or Local Agency, if any*

RECEIVED

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Mr. Sir Lawrence Davis    JUL 1 2 2021 | TELEPHONE NUMBER *(Include Area Code)*<br>918-830-2626 |
|---|---|
| STREET ADDRESS<br>1505 N. Central Ave. Apt 341   CIVIL RIGHTS SECTION   CITY, STATE AND ZIP CODE<br>Phoenix, AZ 85004 | DATE OF BIRTH<br>02-15-86 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICE SHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME<br>Valon Mortgage, Inc | NUMBER OF EMPLOYEES/MEMBERS<br>Cat. A 15 to 100 | TELEPHONE NUMBER *(Include Area Code)*<br>855-218-3690 |
|---|---|---|
| STREET ADDRESS<br>1901 W. Fountainhead Parkway Suite 610 | CITY, STATE AND ZIP CODE<br>Tempe, AZ 85282 | COUNTY<br>Maricopa |
| NAME<br>Valon Mortgage, Inc. | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS<br>1155 S POWER RD STE 114 PMB 70954 | CITY, STATE AND ZIP CODE<br>Mesa, AZ 85206 | COUNTY<br>Maricopa |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | | | DATE DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN   ☐ AGE | | | EARLIEST *(ADEA/EPA)*   LATEST*(ALL)*<br>06-11-21         06-11-21 |
| ☒ RETALIATION   ☒ DISABILITY   ☐ GENETIC TEST RESULTS   ☐ OTHER (Specify) | | | ☒ Continuing Action |

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s))*

**I.    PERSONAL HARM:** I am being denied reasonable accommodations and subjected to different terms and conditions of employment because of my race (African American), sex (male), and disability, and in retaliation terminated my employment.

**II.   RESPONDENTS REASON FOR ADVERSE ACTION:** None.

**III.  DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my race (African American), sex (male), and disability, and because I opposed a practice made unlawful in violation of the Arizona Civil Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended, and Title I of The Americans with Disabilities Act, as amended.  The particulars are:

A.    On or about February 1, 2021, I began my employment with Respondent as a Customer Experience Supervisor.  My work performance has always been satisfactory.

B.    On or about May 24, 2021, I requested a reasonable accommodation to Respondent's Head of Talent Alice Zhao ("Zhao") based off my disability due to Covid-19 to keep working from home.

C.    On or about June 11, 2021 my request was denied by Zhao, and she offered three different accommodations, which I chose the Compliance Analyst vacant position offered to me, which was a lower level position.

D.    On June 14, 2021, I inquired about the pay, and I was initially told by Zhao that I would get the same pay. I asked about getting more pay for the position that I would be receiving and Zhao informed me that I would have to interview for that new position.

E.    I am aware of Respondent's worker Natalie Gear (non-black, female) was transferred to a new position without partaking in the internal transfer process.

| I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY.  I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES. | SIGNATURE OF CHARGING PARTY AND DATE:<br>*Sir Lawrence Davis* 7-12-2021 |
|---|---|
| I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.   EXHIBIT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)*<br>Myra Cardena 7/12/21 |

# EMPLOYMENT CHARGE OF DISCRIMINATION, Page 2 of 2

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

CHARGE NUMBER
CRD-2021-0679
35A-2021-00422

## ARIZONA ATTORNEY GENERAL'S OFFICE, CIVIL RIGHTS DIVISION AND EEOC

CASE NAME:  SIR LAWRENCE DAVIS V. VALON MORTGAGE, INC

F.  On or about July 1, 2021, I was informed by Respondent that it was mandatory for me to be in the office, which I opposed. I requested a reasonable accommodation to not come into the office because of my disability due to Covid-19, but I was then terminated.

G.  I believe and therefore allege that Respondent discriminated against me because of my race (African American), sex (male), and disability.

I WANT THIS CHARGE FILED WITH BOTH THE EEOC AND THE STATE OR LOCAL AGENCY, IF ANY.  I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCESSING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

SIGNATURE OF CHARGING PARTY AND DATE:  7-12-2021

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, Day, Year)
Myra Camarena 7/12/21

INT-2021-0542/Sir Lawrence Davis/VLJ

        Sir Lawrence Davis <sir@valon.com>

## Compliance Analyst Position
10 messages

---

**Woobie Rust** <woobie@valon.com>            Mon, Jun 21, 2021 at 3:52 PM
To: Sir Lawrence Davis <sir@valon.com>
Cc: HR <hr@valon.com>

Hi Sir Lawrence-

Thank you for speaking with me today. I appreciate your interest and time. I am unfortunately not able to move forward as I am looking for an individual with a single-family (SF) mortgage servicing background. Some of the specific qualifications I am looking for in this role include:

- Experience of end-to-end servicing from loan onboarding to general servicing to default management to be able to provide responses to regulator questions and exam interviews
- Ability to provide compliance guidance around regulatory/investor requirements for various servicing areas
- Experience with NMLS

Thank you again for your time and for giving me the opportunity to learn more about your background.

Thanks,

--

        **Woobie Rust**
*Chief Compliance Officer*
New York, NY
LinkedIn | valon.com

---

**Alice Zhao** <alice@valon.com>            Mon, Jun 21, 2021 at 4:17 PM
To: Sir Lawrence Davis <sir@valon.com>
Cc: HR <hr@valon.com>

Hi Sir,

Following up on this, the hiring manager, Woobie Rust, has determined that you do not meet the minimum qualifications for the Compliance Analyst position. However, there are other remaining options for reasonable accommodations that are still available to you during this interactive process. Additionally, please be reminded that should you not work from the office in your current role starting July 1st, 2021, your employment will be terminated as your current role's essential function requires licensed activity to be performed in the office.

Thanks,
Alice

**Alice Zhao**
*Head of Talent*
New York, NY
LinkedIn, valon.com

**EXHIBIT _____P_____**