**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sir Lawrence Davis, | No. CV-22-01510-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Valon Mortgage Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Valon Mortgage Incorporated's Partial Motion to Dismiss (Doc. 26). For the following reasons, the Motion will be granted.[1]

**I.    BACKGROUND**

On September 8, 2022, pro se Plaintiff Sir Lawrence Davis filed this action against his former employer, Defendant Valon Mortgage Incorporated. (Doc. 1). In the operative First Amended Complaint ("FAC"), Plaintiff alleges four counts: (1) failure to provide reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (2) gender and race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; (3) race discrimination in violation of 42 U.S.C. § 1981; and (4) disability, gender, and race discrimination in violation of the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1463. (Doc. 25).

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff is an African American disabled male with a medical condition that puts him at risk for severe complications if infected by COVID-19. (Doc. 25 at 2, 4). He began his employment with Defendant on February 1, 2021, at which time he was working from home with Defendant's approval. (Doc. 25 at 4). In May 2021, Defendant informed Plaintiff that he could no longer work from home and needed to work in the office. (Doc. 25 at 5). Thereafter, he requested an accommodation under the ADA to continue working from home. (Doc. 25 at 5). In June 2021, Defendant denied Plaintiff's request and instead offered that he could move to one of three lower-level positions without a change in pay. (Doc. 25 at 5). Plaintiff chose one of the positions but was then informed that he would need to interview for that position. (Doc. 25 at 5). After interviewing, Plaintiff was denied the position, even though he alleges he was qualified for it. (Doc. 25 at 5–6). Plaintiff alleges that around the same time period, a white woman was allowed to transfer to a new position without interviewing and that no other employee seeking a disability accommodation had to apply in order to transfer to a lower-level position. (Doc. 25 at 6). In July 2021, Defendant informed Plaintiff that he was required to work in the office. (Doc. 25 at 6). Plaintiff stopped going to work in the office and was terminated. (Doc. 25 at 6–7).

Plaintiff alleges that Defendant's conduct in offering him a lower position, requiring him to apply for it, and denying him the position "is racially and sexually discriminatory, and in disregard of Plaintiff's disability." (Doc. 25 at 6). Defendant's pending Motion to Dismiss seeks dismissal of Plaintiff's Title VII and § 1981 claims, as well as the ACRA claim to the extent it alleges gender and race discrimination. (Doc. 26). The Motion has been fully briefed. (Docs. 32, 34).

**II.    LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is facially plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content

that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**III.   DISCUSSION**

The Court begins by addressing Plaintiff's race and sex discrimination claims under Title VII and the ACRA, and then turns to Plaintiff's § 1981 claim.[2]

**a. Title VII and ACRA Claims**

Title VII prohibits employers from discriminating against individuals with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . [or] sex." 42 U.S.C. § 2000e-2(a). The ACRA includes an identical prohibition. A.R.S. § 41-1463(B). The Arizona Supreme Court has held that the ACRA "is modeled after and general identical to" Title VII and that Title VII case law is therefore persuasive in the interpretation of the ACRA. *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909–10 n.3 (Ariz. 1983); *see also Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997) (stating that when interpreting the ACRA, courts "follow federal case law interpreting Title VII when no Arizona precedent exists"). To state a discrimination claim, a plaintiff must:

> allege[ ] sufficient facts to make plausible that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected

---

[2] Defendant also moves to dismiss any due process claims to the extent they are pled. The Court does not construe the FAC to contain any due process claims, as there is no enumerated count for violation of Plaintiff's due process rights. Thus, the Court will not address any hypothetical due process claims.

3

> class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."

*Albro v. Spencer*, 854 F. App'x 169, 169–70 (9th Cir. 2021) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)).

Here, Defendant argues that Plaintiff has failed to plead the fourth element—that similarly situated individuals who did not share his race and sex were treated more favorably or that other circumstances suggest discrimination. "Individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Although "[t]he employees' roles need not be identical[,] they must . . . be similar 'in all material respects.'" *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (citation omitted). The FAC alleges that Defendant "allowed a white woman to transfer to a different position without interviewing," while Plaintiff, an African American man, was required to interview for a lower position than the one he had. (Doc. 25 at 6). That allegation suggests that an individual outside Plaintiff's protected classes was treated more favorably, but the FAC fails to plead that that individual was similarly situated to him. For example, the FAC does not provide any facts about the positions that the white woman transferred to and from, nor does it allege that those positions were similar to Plaintiff's position and the one he sought. *See Klingman v. County of Maui*, No. 16-00399 ACK-RLP, 2016 WL 6996986, at *5 (D. Haw. Nov. 29, 2016) (finding that the plaintiff failed to plead the "similarly situated" element where she did not allege that her and her comparator's roles were similar). Thus, Plaintiff has failed to plead that he and the white woman were similarly situated.

In the absence of a similarly situated comparator, a plaintiff can also plead the fourth element by alleging other circumstances that give rise to an inference of discrimination. The Court finds no allegations to support an inference of race or gender discrimination in Plaintiff's FAC. *See Ting v. Adams & Assocs., Inc.*, 823 F. App'x 519, 523 (9th Cir. 2020) (finding that a conclusory allegation that employer's conduct was on

account of employee's protected characteristics was insufficient to state a claim). Thus, the Court will dismiss Plaintiff's Title VII claim and the ACRA claim to the extent it alleges race and gender discrimination.

### b. Section 1981 Claim

Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 285 (1976). To state a claim under § 1981, "a plaintiff must initially plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right"—that is, the plaintiff must plead but-for causation. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Defendant argues that the FAC fails to meet this standard.

The FAC alleges that Plaintiff is African American and that he was required to interview for an internal transfer and was denied the position, but there are no facts in the FAC to suggest a causal connection between the two.[3] *See Garcia v. City of King City*, No. 14-cv-01126-BLF, 2015 WL 1737936, at *2 (N.D. Cal. Apr. 8, 2015) (stating that "mere correlation" between a defendant's actions and the race of targeted individuals is insufficient to plead a § 1981 claim); *Gray v. Apple Inc.*, No. 16-cv-04421-HSG, 2017 WL 1709327, at *3 (finding the plaintiff failed to state a § 1981 claim where he alleged that a white person was treated more favorably him). Plaintiff's allegations are insufficient to show that *but for* his race, he would not have been subjected to the alleged discriminatory treatment; except for a conclusory allegation of discrimination, the FAC fails to allege that "race played any part" in Defendant requiring Plaintiff to interview for the lower position or denying him the position. *Baron v. Staff Benefits Mgmt., Inc.*, No. 22cv691-LL-DDL, 2023 WL 2254554, at *4 (S.D. Cal. Feb. 27, 2023) (finding the

---

[3] To the extent Plaintiff attempts to state a § 1981 claim based on his termination, the FAC fails to do so. In particular, the FAC alleges that "Plaintiff was terminated from his employment in retaliation for his request for accommodation and subsequent complaints regarding Defendant's failure to provide reasonable accommodations"—thereby pleading that his termination was not for a race-based reason. (Doc. 25 at 7).

plaintiff failed to plead a § 1981 claim where he "only alleged a single race-related comment"); *see also Kobayashi v. McMullin*, No. 2:19-cv-06591-SSS (MAA), 2023 WL 3493991, at *21 (C.D. Cal. Mar. 2, 2023) ("Plaintiff's conclusory allegations of racial discrimination do not suffice to state a claim under Section 1981."). Accordingly, Plaintiff fails to state a § 1981 claim, and Count III will be dismissed.

## IV. CONCLUSION

Leave to amend a deficient complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted). Here, the Court finds that the defects in Counts II–IV may be curable, so leave to amend will be granted. Accordingly,

**IT IS ORDERED:**

1. That Defendant's Partial Motion to Dismiss (Doc. 26) is **granted**;
2. That Counts II and III of the FAC are **dismissed with leave to amend**;
3. That Count IV of the FAC is **dismissed with leave to amend** to the extent it alleges race and gender discrimination; and
4. That no later than **August 10, 2023**, Plaintiff may file a Second Amended Complaint curing the deficiencies outlined in this Order.

Dated this 20th day of July, 2023.

Honorable Steven P. Logan
United States District Judge